IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANE SIMPSON, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| | Civil Action |
| v. | No. 14-184 (JBS/JS) |
| BRAND ENERGY SERVICES, LLC, | |
| | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE, Chief Judge:**

This matter comes before the Court on Defendant Brand
Energy Services, LLC's unopposed motion for sanctions of
dismissal. [Docket Item 29.] In this action, Plaintiff Shane
Simpson, a former employee of Brand Energy alleges, inter alia,
that he was discriminated against on the basis of disability in
violation of the New Jersey Law Against Discrimination
("NJLAD"). Brand Energy seeks dismissal of Plaintiff's claims
under Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d
Cir. 1984) because Mr. Simpson has repeatedly ignored the
Court's orders and failed to appear at court-scheduled hearings.
For the reasons discussed below, the Court will grant Brand
Energy's motion and dismiss Plaintiff's case in its entirety
with prejudice.

1. On or about November 27, 2013, Plaintiff Shane Simpson
filed this action against Brand Energy in the Superior Court of

New Jersey, Camden County, Docket No. L-4802-13. Brand Energy timely removed this action to the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1441 and 1446. [Docket Item 1.]

2.   Plaintiff was initially represented in this action by Deborah L. Mains, Esq., Kevin M. Costello, Esq., and Daniel T. Silverman, Esq. of the law offices of Costello & Mains, P.C. However, on May 6, 2014, Costello & Mains filed a motion to withdraw as Plaintiff's attorneys.[1] [Docket Item 13.]

3.   The Honorable Joel Schneider scheduled a hearing on the motion to withdraw for June 5, 2014 and ordered Plaintiff to appear. [Docket Item 16.] Judge Schneider held the hearing on June 5, 2014 with Deborah Mains, Esq. appearing for Plaintiff and Alexander Nemiroff, Esq. appearing for Brand Energy. [Docket Item 18.] Plaintiff did not appear. Judge Schneider continued the hearing until July 8, 2014 and again ordered Plaintiff to appear. [Docket Item 19.] Plaintiff failed to appear at the hearing for a second time. [Docket Item 22.]

4.   Judge Schneider granted the motion to withdraw noting that "there has been an irretrievable breakdown of the attorney-client relationship between [Ms. Mains] and Plaintiff." [Docket

---

[1] Ms. Mains certified that she served upon Plaintiff by mail the motion to withdraw and the Court's letter order scheduling the hearing and ordering Plaintiff's appearance. [Docket Item 17.]

Item 24.] Judge Schneider directed Ms. Mains to serve a copy of the order on Plaintiff by mail and to file a proof of service with the Clerk of Court. Plaintiff was to secure new counsel by August 15, 2014 or be deemed to be proceeding pro se. Additionally, Judge Schneider directed Plaintiff to respond to all outstanding interrogatories, document requests, and requests for admission by August 29, 2014.[2] Plaintiff's former counsel certified that Plaintiff was served with the Court's order and provided the Court with Plaintiff's last known address and phone number. [Docket Item 25.]

     5.   On September 2, 2014, Brand Energy filed a motion to compel discovery seeking an order requiring Plaintiff to respond to interrogatories, document demands, and requests for admission. [Docket Item 26.] Judge Schneider, by order entered October 16, 2014, granted Brand Energy's motion and ordered Plaintiff to respond to its discovery requests by October 31, 2014. [Docket Item 28.]

     6.   On November 3, 2014, Brand Energy, noting that Plaintiff failed to comply with the Court October 16, 2014

---

[2] Pursuant to the initial scheduling order, initial written discovery requests were to be served by March 3, 2014. [Docket Item 10.] On June 11, 2014, upon request of Plaintiff's counsel during the pendency of the motion to withdraw, Judge Schneider entered an order staying all discovery until further notice, including Defendant's "recently served" requests for admission. [Docket Item 20.]

order, filed the instant motion for sanctions of dismissal
pursuant to Rule 37(b), Fed. R. Civ. P., and Poulis v. State
Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984). [Docket Item
29.]

    7.    This Court, noting that Plaintiff had not submitted
opposition to Brand Energy's motion for sanctions and that he
was proceeding pro se, ordered Plaintiff to file opposition to
Brand Energy's motion or indicate that it is unopposed no later
than December 5, 2014.[3] [Docket Item 31.] The Court, having
received no response from Plaintiff, deems Brand Energy's motion
for sanctions unopposed.

    8.    Pursuant to Rule 37(b)(2)(A)(v), Fed. R. Civ. P., a
court may dismiss an action where a plaintiff fails to obey a
discovery order. In determining whether dismissal is an
appropriate sanction for violation of a discovery order, courts
will generally consider the factors outlined in Poulis v. State
Farm Fire and Casualty, 747 F.2d 863 (3d Cir. 1984), although
such analysis is not always necessary. Dover v. Diguglielmo, 181
F. App'x 234, 237-38 (3d Cir. 2006) ("[A] Poulis analysis is
unnecessary when a litigant's willful conduct prevents the case
from going forward, thereby giving a district court no option
but dismissal."). The six Poulis factors are: (1) the extent of

---

[3] The Clerk of Court mailed this letter to Plaintiff via first
class mail to his last known address.

4

the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) availability of alternative sanctions; and, (6) the meritoriousness of the claim. Poulis, 747 F.2d at 868. "Not all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). The Third Circuit has "required consideration of the Poulis factors when a district court dismisses a case pursuant to Rule 37(b) for failure to respond to discovery." Knoll v. City of Allentown, 707 F.3d 406, 409 (3d Cir. 2013).

9.   Brand Energy requests that the Court dismiss Plaintiff's suit in its entirety as a sanction for Plaintiff's repeated failure to comply with the Court's orders and to respond to Defendant's discovery requests. A review of the Poulis factors shows that dismissal with prejudice is proper.

10.   Plaintiff, as a pro se litigant, is solely responsible for his failure to comply with the Court's orders. See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) ("It is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney."). Plaintiff is undoubtedly responsible for his willful disregard of four

5

Court orders: two directing him to appear at hearings and two ordering him to respond to Brand Energy's discovery requests. As such, the Court finds that Plaintiff is personally responsible for his failure to comply with the Court's orders.

11.   The prejudice to Brand Energy caused by Plaintiff's failure to comply with the Court's orders supports dismissal. The Third Circuit has instructed that "prejudice is not limited to 'irremediable' or 'irreparable' harm" and "includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Briscoe, 538 F.3d at 259 (internal citation and quotation omitted). "Oftentimes, this type of prejudice involves disputes between the parties on discovery matters because the defendants were deprived of necessary information or had to expend costs to obtain court orders for compliance." Id. See also Poulis, 747 F.2d at 868 (finding prejudice to defendant where plaintiff filed neither answers nor objections to interrogatories and defense counsel was forced to file a motion to compel answers). In the present case, Plaintiff's refusal to provide discovery responses has caused delays and obliged Brand Energy to litigate this case without the necessary information to formulate a defense, forcing Defendant to file a motion to compel and the instant request for sanctions. Additionally, Defendant has expended significant time and resources in this matter,

6

including appearances at hearings necessitated by Plaintiff's lack of cooperation in this litigation. Therefore, the Court finds that Plaintiff's conduct has prejudiced Defendant.

12.   Plaintiff has ignored four Court orders directing him to appear and respond to discovery requests. Indeed, Plaintiff, in this nearly one-year-old case, has yet to respond to Brand Energy's discovery requests. Therefore, Plaintiff has a well-documented history of dilatoriness and noncompliance with court orders that weighs in favor of dismissal. In fact, there is no indication in the record from Mr. Simpson that he wishes to pursue this case at this time.

13.   Plaintiff's conduct in this case, or lack thereof, has been willful and in bad faith. Plaintiff's willful failure to participate in this litigation is manifest in the withdrawal of prior counsel and his refusal to respond to discovery requests. Further, his neglect of Court orders directing him to appear at the hearings on prior counsel's withdrawal motion demonstrates bad faith and disregard for the Court's authority and this case.

14.   Because Plaintiff has repeatedly ignored the Court's orders, the Court finds that dismissal is the only effective sanction. Plaintiff has been afforded ample opportunity to respond to Defendant's discovery requests and has failed to provide responses despite the Court's repeated orders. The Court

foresees little prospect that giving Plaintiff another chance would elicit a change of behavior.

15.   The final <u>Poulis</u> factor also weighs in favor of dismissal because Brand Energy appears to have meritorious defenses to Plaintiff's claims that would constitute complete defenses. As the <u>Poulis</u> Court noted, "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." <u>Poulis</u>, 747 F.2d at 869-70. Brand Energy contends that Plaintiff does not have a disability, that it did not discriminate against Plaintiff in any way, and that it did not fail to accommodate him. Brand Energy asserts that its client required Plaintiff to submit to a drug test at the client's construction site. When Plaintiff's urine tested positive for barbiturates, Brand Energy terminated his employment. If established at trial, the above would constitute a complete defense. <u>See</u> <u>Vargo v. Nat'l Exch. Carriers Ass'n, Inc.</u>, 376 N.J. Super. 364, 383 (App. Div. 2005) (affirming entry summary judgment in favor of defendant on NJLAD claims, among others, where job applicant tested positive for morphine despite his claims that the positive result was due to his prescription medicines).

16.   Indeed, even without a finding that Brand Energy has meritorious defenses to Plaintiff's claims, the <u>Poulis</u> factors

weigh in favor of dismissal. <u>See</u> <u>Hicks v. Feeney</u>, 850 F.2d 152, 156 (3d Cir. 1988) ("Not all of [the <u>Poulis</u>] factors need be met for a district court to find dismissal is warranted."); <u>Pak-Vak Sys. v. T&S Products</u>, Civ. 05-3518 (FSH), 2006 WL 2844149, at *1 n.1 (D.N.J. Sept. 6, 2006) <u>report and recommendation adopted,</u> Civ. 05-3518 (SRC), 2006 WL 2844162 (D.N.J. Oct. 3, 2006) (concluding that dismissal was warranted without any finding as to a meritorious defense because prejudice to defendant was clear due to plaintiff's failure to comply with discovery obligations).

17.  Having considered the <u>Poulis</u> factors and finding that they weigh in favor of dismissal, the Court concludes that dismissal of Plaintiff's Complaint is warranted. The dismissal will be with prejudice because there is no indication that Plaintiff, despite his seeming abandonment of his case, wishes to pursue it and could remedy his past defaults and cure the prejudice he has caused to the Defendant.


**January 5, 2015**                    **s/ Jerome B. Simandle**
Date                                   JEROME B. SIMANDLE
                                       Chief U.S. District Judge